Lucille DAY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12876.

Court of Criminal Appeals of Oklahoma.

May 25, 1960.

———◆———

Ralph Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

John Doe and Lucille Day were charged in the court of common pleas of Oklahoma County on October 14, 1959, with the offense of illegal sale of intoxicating liquor. It was alleged in the information that said defendants sold and delivered to Wayne Harbolt, an employee of the Alcoholic Beverage Control Board, one half pint of corn whiskey, for the consideration of $1, and that "said defendant" did not have a retail liquor license at the time. Thereafter, and on October 15, 1959 the county attorney of Oklahoma County filed a motion to dismiss said action as to the defendant John Doe for the reason that "said John Doe is a juvenile", and on the same day there was entered an order dismissing the case as to the juvenile John Doe.

The case was tried on December 15, 1959 as to the defendant Lucille Day, and the jury returned a verdict of guilty as charged in the information, but being unable to agree upon the punishment, left that to the Court. Subsequently, and on December 29, 1959, the Court entered a judgment and sentence, assessing a fine of $500 and imprisonment in the county jail for a period of ninety days. From such judgment and sentence appeal was perfected to this Court.

The attorney for defendant sets out in his brief and ably argues thirteen propositions of error, and has also filed a supplemental brief.

Assignment of error No. 2 is that the trial court erred in admitting illegal and incompetent evidence against the defendant over the timely objection and exception of the defendant; and No. 11 is that the comments made by the county attorney in his closing arguments to the jury and duly excepted to by the defendant were prejudicial to the defendant. Since these contentions must be upheld, we do not consider it expedient to discuss the other errors complained of by defendant.

The State has filed a brief, in which it is stated:

"The entire transaction of the officer was with a boy designated as 'John Doe'. It was within the view of the defendant, Lucille Day, who was some 15 to 18 feet away and engaged in a telephone conversation. There is no testimony to the effect that Lucille Day took any part in the sale. Because of Lucille Day's record, we do not doubt that she was actually the guilty party, but the county attorney simply did not prove it. Nor did he help matters by dismissing the case as to 'John Doe' on the sole ground that he was a juvenile. Also, in the argument he stated:

"'That there is only one thing worse than whiskey, and that is this person letting her grandbaby sell it.'

"And Witness Harbolt, on being asked as to the identity of the bottle introduced in evidence as State's Exhibit 1 said:

"'Yes, sir. That is the bottle that I bought from this boy down at 412 Southwest 2nd on the 10-14-59'.

"Under these conditions we are left with little support for an argument, and can only submit the case for decision by the court."

It will be noted that the Attorney General virtually confesses error on the part of the State. After carefully reading the record, we are compelled to reverse the case by reason of the admission of the incompetent evidence pointed out, and by reason of the prejudicial comments of the prosecuting attorney.

The judgment and sentence of the Court of Common Pleas of Oklahoma County must be and is reversed, and the case remanded for dismissal.

NIX and BRETT, JJ., concur.